| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL I | | |
|---|---|---|
| EDWARD RAMOS GALARZA Y OTROS<br><br>Peticionarios<br><br>v.<br><br>HOSPITAL RYDER MEMORIAL, INC. Y OTROS<br><br>Recurridos | KLCE202400893 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Caso núm.: HSCI201100033 (206)<br><br>Sobre: Impericia Médica |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de agosto de 2024.

En un caso sobre supuesta impericia médica, el Tribunal de Primera Instancia ("TPI") declinó re-abrir el descubrimiento de prueba así como una solicitud de que se permitiese a una doctora declarar sobre los aspectos epidemiológicos del caso. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir en esta etapa con la decisión recurrida.

I.

En el **2011**, se presentó la acción de referencia (la "Demanda") en contra de varias entidades, incluidos ciertos hospitales. En general, se alegó que "hubo un brote de tuberculosis en varios hospitales de Humacao" y que los demandados habían incurrido en "negligencia", causando daños a los demandantes. Específicamente, se alegó que la Sa. Yaritza E. Rojas Amaro había fallecido como consecuencia de tuberculosis, y que los demandados fueron negligentes al no diagnosticarla o tratarla adecuadamente.

En lo pertinente al recurso que nos ocupa, a finales de abril de 2024, los demandantes presentaron una moción (la "Moción"); solicitaron que se le permitiese a la "Dra. Martínez el declarar como perito en el aspecto epidemiológico del caso". Además, solicitaron "enviarle a los demandados y tercero demandados un único interrogatorio, un requerimiento de admisiones y una solicitud de producción de documentos". Al respecto, plantearon que ello se podía "hacer sin necesidad de alterar el curso preestablecido en el caso". Los Demandantes afirmaron que, al presente, se encontraban "en un relativo estado de indefensión".

Mediante un dictamen notificado el 7 de mayo (la "Determinación"), el TPI denegó la Moción.

El 16 de mayo, los Demandantes solicitaron la reconsideración de la Determinación.

Algunos de los demandados consignaron su oposición a la referida moción de reconsideración. Por ejemplo, el Hospital Ryder Memorial, Inc. ("Ryder"), señaló que el descubrimiento de prueba había concluido "hace varios años". Afirmó que ya el TPI había establecido que la Dra. Ada Martínez declarará sobre los "aspectos clínicos del caso" y que la deposición del Dr. Johnny Rullán, QEPD, sobre aspectos epidemiológicos, "se utilizará durante el juicio conforme a las Reglas … en sustitución de su testimonio".

Por su parte, una tercera demandada, aseguradora del Dr. Luis C. Torrellas, también planteó que "todos los asuntos de descubrimiento de prueba … culminaron varios años atrás". Consignó que, desde abril de 2023, se estableció la fecha del juicio del caso. Arguyó que sería durante el juicio, y no antes, que se determinará el uso del testimonio en deposición del Dr. Rullán; además, que, al haber terminado el descubrimiento de prueba, "no se le debe permitir ahora a la parte demandante … modificar el alcance del testimonio de la Dra. Martínez". Más aún, señaló que,

en su deposición, la Dra. Martínez "reconoció" que los asuntos sobre los cuales declaró el Dr. Rullán "están fuera del alcance del testimonio que ella pueda brindar".

La aseguradora de otro tercero demandado, Dr. José A. Antuna Cintrón, indicó que lo relacionado con la utilización en el juicio de lo declarado por el Dr. Rullán en su deposición "fue litigado y resuelto desde el 8 de septiembre de 2023". Aseveró que los demandantes deben primero "identificar qué porciones de la deposición … solicitará[n] que se admita" para que entonces el TPI esté en posición de resolver al respecto. **Se advirtió que el juicio del caso está señalado para septiembre de 2024**.

Mediante un dictamen notificado el 16 de julio, el TPI denegó la moción de reconsideración de los demandantes.

Inconformes, el 15 de agosto, los demandantes presentaron el recurso que nos ocupa; solicitan que revisemos la Determinación. Plantean que el TPI erró "al no permitir que la Dra. Martínez [declare] en el juicio … en cuanto a los aspectos epidemiológicos del caso" y al "no permitir[les] hacer un descubrimiento de prueba limitado". Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*. Al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. [...]

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

Hemos determinado, en el ejercicio de nuestra discreción, no intervenir en esta etapa con lo actuado por el TPI. Veamos.

En primer lugar, en cuanto a no re-abrir el descubrimiento de prueba, adviértase que la Regla 52.1, *supra*, no contempla que intervengamos en controversias de esta naturaleza. Resaltamos que no surge del récord que esperar a una potencial apelación para plantear el error supuestamente cometido por el TPI causaría un "fracaso irremediable de la justicia".

De todas maneras, aun bajo los factores de la Regla 40, *supra*, no se ha demostrado que estemos ante una determinación claramente errónea o que haya causado un "fracaso de la justicia", de tal modo que se justifique nuestra intervención. Véase Regla 40(A) y 40(G) de nuestro Reglamento, *supra*. No puede olvidarse que "los tribunales de instancia están facultados para modificar los términos y concluir el descubrimiento de prueba conforme a las particularidades y circunstancias de cada caso." *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 742 (1986). El ejercicio de discreción por el TPI en materia de descubrimiento de prueba no es revisable por los tribunales apelativos a menos que se demuestre que el TPI: (1) actuó movido por prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012). Nada de lo anterior se ha demostrado en este caso.

En segundo lugar, en cuanto al alcance del testimonio de la Dra. Martínez, no estamos en la etapa más propicia para pasar juicio al respecto. Regla 40(E) de nuestro Reglamento, *supra*. Al menos en esta etapa, y dada la determinación de no re-abrir el descubrimiento de prueba, es razonable no expandir el alcance de

dicho testimonio a asuntos que no fueron anunciados oportunamente. Además, para evaluar este asunto en su adecuada perspectiva, será también necesario esperar a que haya transcurrido el juicio, durante el cual el TPI adjudicará las solicitudes específicas de los demandantes de utilizar determinadas porciones del testimonio del Dr. Rullán, el cual sí versaba sobre el aspecto epidemiológico del caso. Una vez se emita una sentencia por el TPI, de no prevalecer y estimarlo apropiado, los demandantes podrán plantear en apelación cualquier error que estimen se haya cometido al respecto.

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones